IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 24, 2010

**STATE OF TENNESSEE v. DUANTEZ CORNELL JENKINS**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2008-C-2485     Monte Watkins, Judge**

**No. M2009-00788-CCA-R3-CD - Filed November 30, 2010**

Defendant, Duantez Cornell Jenkins, was indicted for possession, within a school zone, and with intent to sell or deliver twenty-six (26) grams or more of a substance containing cocaine. In the same indictment, Robert Lee Archibald, Jr. (Archibald), was indicted for the same offense, in addition to two other charges. All charges were the result of evidence seized pursuant to a search warrant. Defendant filed a motion to suppress all the evidence seized which forms the basis of the charges against him. The trial court entered an order granting the motion and dismissed the charges against Defendant. The State appeals. Based upon the record and briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellant, the State of Tennessee.

Mark E. Chapman, Nashville, Tennessee, for appellee, Duantez Cornell Jenkins.

**OPINION**

Based upon an affidavit sworn to by Detective Michael Wilson of the Metro Nashville Police Department, a search warrant was issued on May 23, 2008, authorizing a search of the apartment located at 5A University Court in Nashville, and of all persons present at that location. The warrant was executed on May 28, 2008. Defendant and Archibald were present during the search and the seizure of the evidence, and both were subsequently indicted. Archibald filed a motion to suppress the evidence as against him.

Following a hearing, the trial court entered an order on February 12, 2009, granting Archibald's motion to suppress, based upon the failure of the officer's affidavit to establish probable cause to justify the issuance of the search warrant. Approximately three weeks later on March 4, 2009, Defendant filed a motion to suppress the evidence as to his case, based upon the same theory upon which the trial court had granted Archibald's motion to suppress the evidence. A hearing was held in the trial court on March 11, 2009, on Defendant's motion to suppress, at which Defendant testified and counsel for the parties provided arguments to the trial court. On March 31, 2009, the trial court entered an order granting Defendant's motion to suppress based upon the same reasons that caused the court to grant Archibald's motion to suppress, that is, a lack of probable cause in the affidavit to justify issuance of the search warrant.

In separate appeals, the State appealed each order by the trial court which granted Defendant's and Archibald's separate motions to suppress. The State filed its appellant's brief in the case *sub judice* on October 23, 2009. While the State contested Defendant's standing to challenge the search warrant at the trial court level, on appeal, the State has abandoned that assertion and only raises the issue that the affidavit does, in fact, establish probable cause to issue the search warrant, and the trial court erred by granting Defendant's motion to suppress.

On February 12, 2010, this Court affirmed the trial court's order granting Archibald's motion to suppress evidence based upon the affidavit's failure to establish probable cause. The State's application to appeal was denied by our supreme court on August 25, 2010. *State v. Robert Lee Archibald, Jr.*, No. M2009-00545-CCA-R3-CD, 2010 WL 521030 (Tenn. Crim. App. at Nashville, Feb. 12, 2010 (perm. to app. denied Aug. 25, 2010).

Defendant filed a motion to suppress the evidence based upon the ground that the affidavit filed in support of the search warrant failed to establish probable cause to justify issuance of the warrant. The trial court had already granted, for the same reason, co-defendant Archibald's motion to suppress evidence seized during execution of the same search warrant. The trial court granted Defendant's motion to suppress for the same legal conclusion that it had granted co-defendant Archibald's motion to suppress. In separate appeals the State appealed both orders of the trial court. While this Court affirmed the trial court's order in Archibald's case based on a different defect in the affidavit, the legal reasoning that the affidavit failed to establish probable cause was the same as the trial court's legal reasoning.

Archibald's case and Defendant's case involve the same search, the same affidavit and search warrant, and the same issue at the trial court and on appeal. We see no reason

to reach a conclusion different from the one reached in *State v. Archibald*. Accordingly, the State is not entitled to relief in this appeal.

## CONCLUSION

For the reasons stated herein, the judgment of the trial court granting Defendant's motion to suppress evidence and dismissing the charges against Defendant is affirmed.

_____
THOMAS T. WOODALL, JUDGE